# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAHEEM GLENN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-314 |
| | ) | |
| v. | ) | Judge Schwab |
| | ) | Magistrate Judge Caiazza |
| DR. BARUA and KEN DIDDLE, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is recommended that the Plaintiff's Complaint be dismissed because of his failure to prosecute this action.

### II. REPORT

This action was commenced by the Plaintiff, Raheem Glenn ("Glenn" or "the Plaintiff") more than three years ago against, among others, Dr. Barua ("Barua") and Ken Diddle ("Diddle"). The Defendants' Motions to Dismiss were granted, and Glenn appealed. The United States Court of Appeals for the Third Circuit affirmed in large part, but remanded with respect to two discrete claims relating to the denial of medical treatment against Defendants Barua and Diddle (Doc. 49). Hence, the case was reopened as to Defendants Barua and Diddle, but only with respect to those claims identified by the Court of Appeals (Doc. 48). In a Case Management Order dated December 3, 2007, the parties were

permitted until March 4, 2008 to file Motions for Summary Judgment; responses to Motions for Summary Judgment were due by April 4, 2008. Defendant Barua filed a Motion for Summary Judgment on February 15, 2008 (Doc. 51) and Defendant Diddle filed a Motion for Summary Judgment on February 29, 2008 (Doc. 55). Each Defendant presented detailed affidavits and exhibits concerning the treatment offered to Glenn on the dates in question. No response was filed to either Motion, and the Court directed the Plaintiff to file responses on or before May 9, 2008, or the Motions would be granted as being unopposed (Doc. 58). No responses have been filed to date.

In determining whether an action should be dismissed as a sanction against a party, the court must consider six factors. These factors are as follows:

(1) The extent of the parties personal responsibility;

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

(3) A history of dilatoriness;

(4) Whether the conduct of the party or the attorney was willful or in bad faith;

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

(6) The meritoriousness of the claim or defense.

Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984).

A consideration of the factors set out in Poulis requires that this action be dismissed. Factors one and four each relate to the Plaintiff's failure to comply with this court's prior orders, that is, the extent of his personal responsibility, and whether his conduct was willful or in bad faith. These two factors weigh heavily against Glenn. With respect to factor number one, it is clear that the Plaintiff's failure to comply with this court's orders was his personal responsibility. With respect to factor four, this court finds that Glenn has wilfully ignored prior orders entered by this court. He has been directed on two occasions to respond to the Motions for Summary Judgment, and has failed to comply with the court orders.

Relative to factor number two, the court must consider the prejudice caused to the adversary because of the Plaintiff's failure to comply with the prior orders he ignored. With respect to this factor, there has been significant prejudice to both Defendants. Each Defendant has prepared lengthy Motions for Summary Judgment supported by relevant affidavits and exhibits, all after Glenn appealed the dismissal of his claims and obtained a partial remand from the Court of Appeals. Now, when the Defendants have exerted substantial efforts in litigating their positions, Glenn apparently has no intention of proceeding with his case.

Turning to factor number three, there is now a protracted history of dilatoriness. Glenn has repeatedly failed to take the

actions necessary to move this action forward. Indeed, he has had no contact with the Court since the remand from the Court of Appeals. This factor weighs heavily in favor of dismissal.

The effectiveness of other sanctions is also a factor which weighs in favor of dismissal since the only other appropriate sanction would be granting the Motions for Summary Judgment as being unopposed, which would be the equivalent of a dismissal.

Finally, factor number six also weighs in favor of dismissal since each Defendant has now presented competent evidence showing that Glenn was not denied medical treatment on the dates alleged. In fact -addressing the substance of Glenn's action- the evidence presented indicates that his claim in each instance amounts to nothing more than a disagreement with the treatment which was actually provided. Young v. Quinlan, 960 F.2d 351, 358 n.18 (3d Cir. 1992)(an inmate's disagreement with prison personnel over the exercise of medical judgment does not state a claim for relief under section 1983).

In accordance with the Magistrates Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objection to this Report and Recommendation are due by June 26, 2008.

June 10, 2008                      s/Francis X. Caiazza
                                          Francis X. Caiazza
                                          U.S. Magistrate Judge

cc:
RAHEEM GLENN
EN-5837
SCI Greene
175 Progress Drive
Waynesburg, PA 15370